*439 OPINION.
Keen :
The issue in this proceeding is whether a contract was executed by petitioner prior to May 1,1936, which expressly dealt with the payment of dividends in compliance with the provisions of section 26 (c) (1) of the Revenue Act of 1936, set out in the margin.[1]
*440 Respondent contends that no such contract can be considered as executed by the petitioner prior to May 1, 1936, because the application for the loan specifically provided that the “contract shall become binding upon the parties * * * only when * * * the loan applied for is paid to applicant.” Such loan was not paid to petitioner until September 1936.
Petitioner, on the other hand, contends that a contract was executed by it by virtue of its signing the application which was accepted by R. F. C., subject to certain conditions, on February 19, 1936, and that the clause in the application above quoted was a condition precedent not to the existence of the contract but to the liability of the parties imder the contract.
Petitioner, in advancing this argument, stresses the following language in the application:
This application, as hereafter amended or supplemented, together with all conditions imposed by and all agreements required by or entered into with or for the benefit of R. F. C. in connection with the making of the loan hereby applied for and the note or notes of applicants evidencing such loan (all of which are incorporated herein and made a part hereof), shall constitute a contract between applicant and R. F. C. * * *.
We are inclined to the conclusion that the parties intended all of their written agreements, together with amendments and supplements, beginning with the application for the loan and ending with the actual disbursement of the loan, to constitute the contract between the parties, such contract not to come into being as such until all of the negotiations had been definitely completed by the payment of the loan. That this is a reasonable construction of the language used by the parties is demonstrated by the dealings between the parties here with the many facets of the transaction requiring extended negotiations which lasted for over a year.
However, even if we assume arguendo, as petitioner contends, that a contract existed between petitioner and R. F. C. prior to May 1, 1936, and that only the condition precedent to liability under the contract remained to be fulfilled after that date, we are, nevertheless, of the opinion that petitioner is not entitled to credit under section 26 (c) (1) of the Revenue Act of 1936, which refers to “amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1,1936.” (Emphasis supplied.) This language assumes a binding contract, the breach of which would constitute a violation. Unless a contract, binding upon both parties, existed prior to May 1,1936, the section of the act granting the credit claimed can not be considered as having been complied with, and therefore, petitioner is not entitled to credit thereunder.

Decision will be entered for the respondent.

 SEC. 26. CREDITS OP CORPORATIONS.
In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—
*******
(e) Contracts Restricting Payment op Dividends.—
(1) Prohibition on payment op dividends.—An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. If a corporation would be entitled to a credit under this paragraph because of a contract provision and also to one or more credits because of other contract provisions, only the largest of such credits shall be allowed, and for such purpose if two or more credits are equal in amount only one shall be taken into account.